On defendant's request for final determination filed May 3, (former opinion filed September 21, 1983, 64 Or App 532, 669 P2d 797, *rev den* 296 Or 237 (1984)), affirmed October 31, 1984, reconsideration denied January 11, petition for review denied February 20, 1985 (298 Or 705)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL RAY HORINE,
*Appellant.*

(B57-459; CA 17957)

690 P2d 508

Gary Babcock, Public Defender, Salem, for appellant.

No appearance contra.

Before Joseph, Chief Judge, and Richardson and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

On September 21, 1983, we entered an order denying defendant's attorney's motion to withdraw from this criminal case. *State v. Horine,* 64 Or App 532, 669 P2d 797, *rev den* 296 Or 237 (1983), *cert dismissed* ___ US ___, 104 S Ct 1932, 80 L Ed 2d 477 (1984). The defendant had appealed his conviction for criminal trespass in the second degree. His counsel had reviewed the trial record and filed a brief with this court, as well as a motion to withdraw, stating in his brief that he had "fail[ed] to discern any meritoriuos issues for appeal, and invites the Court to search the record for possible error." Counsel relied on the Supreme Court decision in *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967), wherein the Court set out requirements for appointed counsel on appeal, including the procedure for withdrawal from a case which counsel finds to be "wholly frivolous." Such procedures include the filing of an *"Anders* brief" detailing "anything in the record that might arguably support [an] appeal." 386 US at 744. A copy of that brief must be given to the defendant, which counsel in this case failed to do.

In our 1983 opinion, after examining *Anders* and the problems which have arisen in its wake, we declined to follow its specific procedures for withdrawal. Instead, we held that "indigent appellants are constitutionally protected by the procedures that are available to them on appeal in Oregon." 64 Or App at 548. We stated that such procedures

"include a transcript or its equivalent alternative supplied at state expense and an attorney, appointed by the court and paid by the state, to represent the interests of the appellant. When that attorney has reviewed the law and the record as an advocate and determines that there are no non-frivolous issues to be raised on appeal, the appellant has received what is constitutionally required. Aside from the opportunity to present issues *pro se,* the appellant is not entitled to further protection at state expense." 64 Or App at 548.

In *Horine,* we suspended consideration of the appeal because he had not been notified of the *"Anders* brief" filed by his counsel. The suspension was to continue

"until counsel has furnished appellant with a copy of the brief and has offered to make the appellate record available to appellant for his own review. Appellant should be informed

that, within 30 days of the date of service of the brief upon him, he may notify the court, through his present counsel or by himself, whether he wishes to proceed with the appeal. If we do not receive such notification within that period, we will affirm the judgment below. If the requisite notice is given this court by appellant, we will issue an order permitting him to proceed *pro se* and fixing a time for the *pro se* brief to be filed. In that event, counsel's appointment will be terminated effective on the date of notice or on the date when the record has been transmitted to appellant, whichever is later. In the event that counsel is unable to serve appellant due to lack of knowledge of his whereabouts, after due diligence in attempting to inform appellant, counsel shall notify this court of that fact and the appeal will be dismissed as abandoned. 64 Or App 548-49.

After the order of this court was entered, defendant filed a petition for rehearing (denied November 29, 1983), a petition seeking discretionary review by the Oregon Supreme Court (denied December 20, 1983, 296 Or 237 (1983)), and a petition for *certiorari* in the United States Supreme Court (dismissed April 16, 1984, "for want of a final judgment." (____ US ___) (104 S Ct 1932).

In a letter dated May 3, 1984, defendant's newly appointed counsel, the Public Defender, informed us that

"The opening brief, which was filed by the original appellate attorney, has been furnished to defendant, and defendant has been informed that he may review the appellate record. In addition, copies of all briefs we filed in this case have been furnished to defendant. We believe that the procedures established in *[State v. Horine]* have been satisfied.

"Defendant has told [Deputy Public Defender] Williams that he is unable to challenge his conviction *pro se*. In the event that this court adheres to its new policy of not reviewing the record for error as required by *Anders*, defendant desires that we again challenge your opinion in the United States Supreme Court."

Pursuant to our opinion in *State v. Horine, supra,* it appears that all the appropriate procedures have now been satisfied in this case. According to defendant's counsel's letter of May 3, defendant has been informed of his original counsel's withdrawal, has received a copy of the brief, has been offered an opportunity to review the appellate record and has been told of his right to proceed with the appeal *pro se,* subject

to notifying this court within 30 days of receiving a copy of the brief.

Because we have not received any notification of defendant's intent to proceed with this appeal *pro se* and the 30-day time limit has expired, defendant's conviction for criminal trespass in the second degree is affirmed. *State v. Horine, supra.*

Affirmed.